I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL POSTAGE PREPAID, ~~TO ALL COUNSEL~~
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10·25·12

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEOBARDO LOPEZ, | Case No. CV 11-2152-JVS (JPR) |
| Petitioner, | |
| vs. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| W.J. SULLIVAN, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, Report and Recommendation of the U.S. Magistrate Judge ("R&R"), and Petitioner's various post-R&R motions. On September 24, 2012, Petitioner filed Objections to the R&R, in which he objects not only to the R&R but also the Magistrate Judge's June 25, 2012 Order denying his motions to expand the record and strike the traverse.

I.   Objections to the June 25, 2012 Order

Acknowledging that Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398, 1401, 179 L. Ed. 2d 557 (2011), limits review under 28 U.S.C. § 2254(d)(1) to "the record that was before the state court that adjudicated the claim[s] on the merits," Petitioner nonetheless contends that the Magistrate Judge erred in denying his motion to expand the record with his codefendant

1  Alfredo Rivera, Jr.'s trial transcripts because they were in fact
2  part of the state-court record. (Objections at 6-11.)
3  Petitioner explains that he "emphatically informed" the state
4  courts on habeas that "it was absolutely necessary to review"
5  those transcripts in addressing all of his ineffective-
6  assistance-of-counsel claims. (Id. at 6.) He further argues
7  that given California appellate courts' inherent authority to
8  take judicial notice of any record and their "well followed"
9  practice of reviewing sua sponte the pertinent trial record
10 without requiring a petitioner to submit the transcripts, the
11 "only logical conclusion" is that the state courts independently
12 supplemented his record with Rivera's transcripts and considered
13 them before denying his claims. (Id. at 6-10.)
14     The Court concurs with the reasoning of the Magistrate
15 Judge's June 25, 2012 Order denying Petitioner's motion to expand
16 the record. Petitioner's arguments lack legal support because in
17 California, the "general rule" is that "an appellate court should
18 not take [judicial] notice of matters not first presented to and
19 considered by the trial court, where to do so would unfairly
20 permit one side to press an issue or theory on appeal that was
21 not raised below." People v. Sakarias, 22 Cal. 4th 596, 636-37,
22 94 Cal. Rptr. 2d 17, 44 (2000) (internal quotation marks omitted)
23 (declining to expand record to include codefendant's trial
24 transcripts in support of claim that prosecutor presented
25 inconsistent theories at separate trials).[1] Thus, while a state

---

[1] Petitioner cites Sakarias for the proposition that California courts may take judicial notice of any state-court record pursuant to California Evidence Code sections 452 and 459 (Objections at 9), but he omits Sakarias's holding in the

2

court on habeas typically takes "judicial notice of its own records and of the prior petitions filed by . . . a petitioner," <u>In re Clark</u>, 5 Cal. 4th 750, 798 n.35, 21 Cal. Rptr. 2d 509, 541 n.35 (1993), it is speculative and far from "logical" to assume that the state courts here considered Rivera's transcripts, particularly when Petitioner never expressly asked the state courts to do so.  Instead, he merely (1) asserted that he was in the process of obtaining them and would then incorporate them into his arguments, (2) requested an evidentiary hearing, and (3) sought Rivera's transcripts directly from the state courts. (<u>See, e.g.</u>, Lodgment 13, Attach. at unnumbered 1-2; Mem. P. & A. at 13-14.)

    Moreover, the state courts likely did not consider Rivera's transcripts because contrary to Petitioner's contention, they were not "necessary" to adjudicate his claims.  Petitioner relies on Rivera's proceedings in asserting two related claims in the Petition: his trial counsel was ineffective for failing to (1) remind the trial court that it had previously acquitted Rivera of the kidnapping-for-robbery counts in a bench trial (claim I(B)) and (2) object to the prosecutor's misconduct in charging Petitioner with more serious counts compared to Rivera

---

subsequent paragraph declining to do so in circumstances similar to those here.

(claim I(C)).[2] (Pet. at 29-32.)[3] In support of those claims in state court, Petitioner attached several of Rivera's minute and sentencing orders, showing that (1) Rivera was originally charged with 11 counts of kidnapping for robbery and 16 counts of robbery; (2) the prosecutor subsequently amended the information to charge 11 counts of kidnapping for robbery, 7 counts of attempted robbery, and 9 counts of robbery; (3) Rivera was convicted of 7 counts of attempted robbery and 7 counts of robbery and was sentenced to 28 years 8 months in prison; and (4) the court of appeal reversed Rivera's convictions on one of the attempted-robbery counts, but his sentence remained unchanged. (See Lodgment 13, Ex. D.) Because Petitioner provided a sufficient factual basis to adjudicate claims I(B) and I(C), the state courts presumably did not need Rivera's trial transcripts in denying those claims. In fact, the state courts presumably did not need any of Rivera's record because Petitioner's claims are legally baseless. See generally People v. Sparks, 48 Cal. 4th 1, 5, 104 Cal. Rptr. 3d 764, 765 (2010) (holding that inconsistent verdicts are inevitable and courts should determine propriety of prosecution based on own record, not a different one); People v. Palmer, 24 Cal. 4th 856, 858, 103 Cal. Rptr. 2d 13, 14 (2001) (holding that requirement of consistent verdicts in

---

[2] Claims I(E) (cumulative error) and I(F) (ineffective assistance of appellate counsel) indirectly require consideration of Rivera's proceedings as well; the Court omits discussion of them because they are premised on the success of claims I(B) and I(C).

[3] As in the R&R, in citing to the Petition the Court uses the pagination provided by the official CM/ECF electronic filing system.

separate criminal trials is "a vestige of the past with no continuing validity"); People v. Lucas, 12 Cal. 4th 415, 477, 48 Cal. Rptr. 2d 525, 565 (1995) ("Prosecutors have broad discretion to decide whom to charge, and for what crime.").[4]

Because Pinholster forbids consideration of evidence outside the state-court record and no evidence exists that the state courts considered Rivera's transcripts in denying Petitioner's claims, the Magistrate Judge properly denied Petitioner's motion to expand the record as well as his request for an evidentiary hearing.[5]

II. Objections to the R&R

Petitioner premises most of his objections to the R&R on facts gleaned from Rivera's transcripts, which the Court cannot consider. (See Objections at 14-15, 20-21.) Decoupled from those impermissible contentions, Petitioner's Objections mostly simply reargue the Petition. (See generally id. at 13-22.) Like the Magistrate Judge, the Court cannot say that the state courts' analysis of the issues was objectively unreasonable.

Petitioner also asserts for the first time in these

---

[4] The Magistrate Judge cited those cases in the R&R.

[5] Petitioner also contends that the Magistrate Judge erred in denying his motion to strike the traverse because another inmate had filed three traverses in his name. (Objections at 11-13.) The Court concurs with the Magistrate Judge's June 25, 2012 Order and further notes that the issue is now moot because Petitioner has had the opportunity to file lengthy objections. In any event, as the Magistrate Judge noted in the Order, Petitioner received three extensions of time to file a traverse but elected to let the final deadline lapse on April 2, 2012, before the Magistrate Judge's filing of the R&R on April 11, 2012.

proceedings that the state courts erroneously found that one of the victims, Jose Olmedo, was forced at gunpoint to drive a truck that was parked outside the warehouse, a fact relied upon by the trial court in denying Petitioner's motion for a new trial challenging the asportation element of the kidnapping-for-robbery charge. (Objections at 3-5.) Petitioner faults the Magistrate Judge for "improperly fail[ing] to address th[at] unreasonable determination of fact." (Id. at 3.) The Court disagrees. Because Petitioner failed to raise that argument in the Petition or anywhere in the state habeas proceedings, it is not properly before the Court.[6] Cf. Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that reply is not proper pleading to raise additional grounds for relief or amend petition). In any event, the Magistrate Judge did not improperly adopt the state courts' factual findings in the R&R because she expressly omitted the paragraph detailing Olmedo's movements. (Compare R&R at 6 with Lodgment 6 at 3.)

In addition, Petitioner claims that the Magistrate Judge engaged in "pure speculation" that counsel informed the trial

---

[6] Notably, Petitioner's sufficiency-of-the-evidence claim on direct appeal, which he did not raise in the Petition, conceded that Olmedo went outside the warehouse but argued that that movement was merely incidental to the robbery. (Lodgment 3 at 13.) Olmedo testified that he ventured outside the warehouse because he had to back the truck out of the dock "about 60, 70 feet" into the yard before reentering the warehouse with it. (Lodgment 2, 1 Rep.'s Tr. at 117, 120-22.) Petitioner conceded as much on direct appeal: "Olmedo briefly left the interior of the warehouse to back up the truck and turn it around," which "theoretically exposed [him] to the public during these few brief and fleeting moments." (Lodgment 3 at 13.) The asportation element of Petitioner's kidnapping-for-robbery conviction therefore was met.

court of its prior acquittal of Rivera, in a bench trial, as to his kidnapping-for-robbery counts.  (Objections at 17.)  Petitioner claims that the trial court's statement, "I know you brought it to my attention what I did before" was directed to the prosecutor, not defense counsel.  (<u>Id.</u>)  The Court concurs with the Magistrate Judge's interpretation of the record, which is somewhat ambiguous.  In any event, as the Magistrate Judge found, even if counsel failed to inform the court of its previous rulings in Rivera's trial, Petitioner could not show prejudice because inconsistent verdicts are "inevitable" in criminal proceedings (R&R at 18-19); further, because the same judge presided over both proceedings, the court likely did not need to be reminded of the outcome of Rivera's trial, which either the prosecutor or defense counsel mentioned nonetheless.

Having made a de novo determination of those portions of the Report and Recommendation to which Petitioner has filed Objections, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) the Petition is denied without leave to amend and (2) Judgment be entered dismissing this action with prejudice.

DATED: October 24, 2012

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE